# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON PAGE,<br><br>               Plaintiff,<br><br>     v.<br><br>CSATF PRISON, et al.,<br><br>               Defendants. | Case No. 1:14-cv-00565 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Jason Page ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 21, 2014.[1] He names California Substance Abuse Treatment Facility ("SATF") Warden Diaz, Associate Warden Tolson, Captain Ramirez, Lieutenants Ramirez, Sneel and Johnson, Sergeants Beeler and Ramirez, Correctional Officers Kirkpatrick, Pursell, Alviso, Medved, House and Forcier, IGI Officers 1 and 2, and Police Dogs 1 and 2 as Defendants.

**A.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate on May 5, 2014.

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at SATF, where the events at issue occurred.

Plaintiff's allegations concern what he believes to be a smuggling operation at SATF. Plaintiff believes that Defendant Diaz and the "Chain of Command" are conspiring to protect staff

members who smuggle contraband into the prison. He contends that staff members are ignoring their search duties and blaming inmates for possession of the contraband.

Plaintiff alleges that prison officials knowingly placed him at risk of harm "with prior knowledge of investigation ongoing in progress 'Like a Cobra in Waiting.'" ECF NO. 1, at 6. The ongoing investigation aimed to uncover a conspiracy to smuggle illegal contraband into SATF, and onto Facility E. Plaintiff contends that investigators let him join the work force detail for eleven part-time days, and then involved Plaintiff in the arrest of the entire inmate employment roster. Plaintiff was placed into Administrative Segregation. Defendant Beeler, at the first level of review, told Plaintiff that he was just a casualty of a conspiracy, and Plaintiff believes that this demonstrates that staff had prior knowledge of the investigation and placed Plaintiff at serious risk of harm.

Based on these allegations, Plaintiff alleges violations of the First, Eighth and Fourteenth Amendments. He contends that he has suffered an "adverse injury to the degree of a serious and detrimental scale." ECF No. 1, at 2.

**C.  DISCUSSION**

    1.  Linkage and Rule 8

As explained above, under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed under a theory of respondeat superior, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

Additionally, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v.

3

Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Here, Plaintiff fails to present sufficient facts to satisfy Rule 8 and the linkage requirement. Although he names numerous Defendants, he only links one Defendant, Defendant Beeler, to any specific action.[2]  His allegations are too sparse and do not set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.

       2.       Failure to Protect- Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (quotations omitted).  Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.  Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm.  Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

In his complaint, Plaintiff suggests that Defendants failed to protect him by placing him in an environment where they knew he would be blamed for possession of contraband.  It appears that Plaintiff ultimately received a rules violation and was placed in Administrative Segregation.  These facts, however, do not constitute an Eighth Amendment violation.  The Eighth Amendment protects prisoners from inhumane punishment and inhumane conditions of confinement.  While Plaintiff may

---

[2] Plaintiff is advised that he cannot bring a 1983 action against "Police Dogs 1 and 2."

4

believe that he was knowingly placed in an environment that constituted a "serious risk," being accused, even wrongly, of a crime in prison does not rise to the level of an Eighth Amendment violation. Plaintiff does not allege that he was denied food, clothing, shelter, sanitation or medical care, or that his personal *physical* safety was at risk.

For these reasons, Plaintiff does not state a claim under the Eighth Amendment.

3. First Amendment

In the prison context, the First Amendment generally guarantees access to the courts, freedom of religion and the right to be free from retaliatory actions. It is unclear how Plaintiff's allegations are related to any of these protected rights.

Insofar as Plaintiff is referencing a freedom of association, it is unclear whether such a right extends to incarcerated individuals. "An inmate does not retain rights inconsistent with proper incarceration," and "freedom of association is among the rights least compatible with incarceration." Overton v. Bazzetta, 539 U.S. 126, 131, 123 S.Ct. 2162, 2167 (2003); Blaisdell v. Frappiea, 729 F.3d 1237, 1247 (9th Cir. 2013).

Plaintiff therefore fails to state a claim under the First Amendment.

4. Fourteenth Amendment

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause itself or from state law. Id. The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue. Id. at 221-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Id. at 221(citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

In his complaint, Plaintiff appears to suggest that his placement in Administrative Segregation, or an allegedly improper disciplinary finding, violated due process. He also references the impact on his central file. Under Plaintiff's facts, however, he fails to state a claim under any of these theories.

With respect to placement in administrative segregation, due process requires only that prison officials hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charges against him or the reasons for considering segregation, and allow the prisoner to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986) (quotation marks omitted). Prisoners are not entitled to detailed written notice of charges, representation by counsel or counsel substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation. Toussaint, 801 F.2d at 1100-01 (quotation marks omitted). Further, due process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation. Id. (quotation marks omitted). With respect to retention in administrative segregation, prison officials must engage in some sort of periodic review of the confinement of such inmates. Id. (quotation marks omitted).

Similarly, "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached. . . ." Hill, 472 U.S. at 455-56 (emphasis added).

Finally, an independent right to an accurate prison record, grounded in the Due Process Clause, has not been recognized. Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987).

Based on these legal standards, Plaintiff has not stated a claim for relief under the Fourteenth Amendment. He does not set forth any specific facts to support a finding that he was not afforded the process he was due, either in his disciplinary proceeding or his placement in Administrative Segregation. To the extent that he believes that his due process rights were violated by allegedly false allegations, this alone does not state a claim. Any claim for violation of due process is guided by the above requirements.

**D.     CONCLUSION AND ORDER**

Plaintiff's complaint fails to state any cognizable claims against any Defendants.

**Plaintiff will be permitted to one opportunity to amend his complaint, if he can do so in good faith**. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim</u>.

IT IS SO ORDERED.

Dated:   **October 17, 2014**                    /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE