# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON PAGE, | Case No. 1:14-cv-00565 DLB PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND |
| v. | |
| CCSATF PRISON, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Jason Page ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 21, 2014. Pursuant to Court order, he filed a First Amended Complaint on October 31, 2014. He names the California Substance Abuse Treatment Facility ("CSATF"), CSATF Associate Warden Tolson, CSATF Captain Ramirez, CSATF Lieutenant Sneel and Sergeant Beeler as Defendants.[1]

**A.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on May 5, 2014.

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.   SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at CSATF, where the events at issue occurred.

Plaintiff's allegations concern what he believes to be a smuggling operation at CSATF. He believes that Defendants "have conspired to protect fellow staff/employee members who are smuggling illegal contraband into the prison." EFC NO. 13, at 2. Plaintiff alleges that Defendants

are ignoring their safety and security protocol search duties concerning entering staff and are blaming inmates for the trafficking and possession of illegal contraband.  Plaintiff believes that this failure placed him at risk of harm.

Plaintiff contends that Defendants had knowledge of an ongoing investigation into the smuggling issues and placed Plaintiff at a greater risk of harm by assigning him to work in the area where the investigation was in progress, "Like a Cobra in Waiting."  ECF NO. 13, at 2.  According to Plaintiff, the investigation was aimed at uncovering a conspiracy to smuggle illegal contraband into CSATF "E" grounds by way of the Education Department, where Plaintiff was assigned to work.

After eleven days of part-time employment in the Education Department, Plaintiff was "intentionally involved in the arrest of the entire inmate work force."  ECF No. 13, at 3.  He was arrested and placed into restraints, then placed in an isolation cell in Administrative Segregation.  Defendants Sneel and Beeler issued the lock-up order.  According to Plaintiff's exhibits, Defendant Snell issued the Ad-Seg Placement Notice and Defendant Beeler served the notice.  ECF No. 13, at 12.

Plaintiff contends that Defendants Tolson and Ramirez ordered the placement even though they were fully aware that Plaintiff was not guilty of any violations to the safety and security of the institution.  Plaintiff alleges that he was placed in Ad-Seg unjustly, and lost all of his classification privileges.  He also alleges that this caused irreparable harm to his character and good standing with the staff.

In specifically explaining the involvement of each Defendant, Plaintiff contends that Defendant Tolson violated the Eighth Amendment by accusing him of the illegal introduction of contraband and ordering his arrest and placement in Ad-Seg.  He contends that Defendant Tolson knew that Plaintiff had nothing to do with the conspiracy, and no contraband was ever discovered on Plaintiff's person.  Despite knowing this, Defendant Tolson promoted an inhumane method of punishment by placing Plaintiff in isolation and confinement in Ad-Seg, confiscating part of his personal property and barring him from access to rehabilitation and educations opportunities.

Plaintiff next contends that Defendant Ramirez did not confer with Plaintiff or investigate him when he received the lock-up order from Tolson. He alleges that Ramirez was deliberately indifferent when he failed to protect Plaintiff from further harm, "defaming his character." ECF No. 13, at 4. Plaintiff alleges that Defendant Ramirez subjected him to cruel and unusual punishment when he was placed into Ad-Seg isolation for two weeks.

Plaintiff contends that Defendant Sneel acted with deliberate indifference when he ignored the allegations against Plaintiff and blamed him without an investigation.

Finally, Plaintiff contends that Defendant Beeler acted with deliberate indifference when he blamed Plaintiff for the introduction of illegal contraband. He contends that Defendant Beeler let Plaintiff suffer a false arrest, despite his prior knowledge of Plaintiff's innocence.

Based on these allegations, Plaintiff contends that Defendants violated the First, Eighth and Fourteenth Amendments.

**C.    DISCUSSION**

    1.    CSATF

Plaintiff names CSATF as a Defendant. Plaintiff is advised that he may not sustain an action against a state prison. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because CSATF is a part of the California Department of Corrections and Rehabilitation, which is a state agency, it is entitled to Eleventh Amendment immunity from suit.

    2.    Eighth Amendment- Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

4

Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

In the prior screening order, the Court found that Defendants' alleged failure to protect him by placing him in an environment where they knew he would be blamed for contraband smuggling did not state a claim. Specifically, the Court explained that although Plaintiff may believe that he was knowingly placed in an environment that constituted a "greater risk of harm," being accused, even wrongly, of a crime in prison does not rise to the level of an Eighth Amendment violation. Plaintiff did not allege that he was denied food, clothing, shelter, sanitation or medical care, or that his personal *physical* safety was at risk.

In amending, Plaintiff repeats essentially the same allegations. He adds that he was "actually put at risk of physical harm," but Plaintiff conclusory, speculative allegation does not bolster his claim.

For these reasons, Plaintiff does not state a claim for failure to protect under the Eighth Amendment.

3.   Eighth Amendment- Conditions of Confinement

To violate the Eighth Amendment, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 832, 834 (1994). A cognizable Eighth Amendment claim requires facts showing: (1) the deprivation

alleged is objectively sufficiently serious; and (2) the prison official possessed a sufficiently culpable state of mind. Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 297–98 (1991)).

Here, Plaintiff argues that "simply placing an inmate in Ad-Seg for any extended period of time under premeditated false allegations, with prior knowledge of an inmate's innocence, is an act of cruel and unusual treatment in itself." ECF No. 13, at 7. Plaintiff alleges that he was in isolation for two weeks, and during that time, lost privileges and property, and suffered harm to his character. Plaintiff also contends that as a result, he has been permanently barred from "rehabilitation access in Vocational Education areas." ECF No. 13, at 4.

Plaintiff's allegations fall short of stating an Eighth Amendment claim. Even assuming that Plaintiff was placed in isolation in Ad-Seg for two weeks based on a false Rules Violation Report, these facts do not suggest that Plaintiff was subjected to conditions *sufficiently grave* to fall within the purview of the Eighth Amendment, or that any Defendant knowingly disregarded a *substantial risk of harm* to Plaintiff.[2] These conditions do not rise to the level of an Eighth Amendment violation.

Plaintiff therefore fails to state an Eighth Amendment based on conditions of confinement.

4.  First Amendment- Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

In his First Amended Complaint, Plaintiff contends that Defendants retaliated against him when they "obstructed" him from returning to his work assignment and/or accessing any work

---

[2] According to Plaintiff's exhibits, he was placed in Ad-Seg on May 22, 2013, pending the outcome of the investigation. On May 29, 2013, ISU determined that Plaintiff had no involvement in the conspiracy and recommended his release from Ad-Seg. ECF No. 13, at 12-13.

assignments. ECF No. 13, at 7. Plaintiff alleges that he was stripped of all of his classification privileges after his exoneration.

Plaintiff does not allege, however, that these adverse actions were taken because of his exercise of any protected conduct, such as filing an inmate grievance. Nor has he alleged that the allegedly adverse action chilled the exercise of his First Amendment rights, or did not advance a legitimate correctional goal.

Plaintiff therefore fails to state a retaliation claim under the First Amendment.

### 5. Fourteenth Amendment

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause itself or from state law. Id. The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue. Id. at 221-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Id. at 221(citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

In his original complaint, the Court explained that Plaintiff did not state a due process claim with respect to his placement in Ad-Seg because he did not set forth any specific facts suggesting that he did not receive the process he was due, either in his disciplinary proceeding or his placement in Ad-Seg. Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985); Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974); Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986).

The Court also explained that his allegations that he was falsely accused did not, alone, state a claim under the Fourteenth Amendment. To the extent that Plaintiff's claim can be interpreted as a

claim that there was insufficient evidence to support his Rules Violation Report, the Court notes that after an investigation, Plaintiff was found to have had no involvement in the conspiracy.

Finally, the Court explained that Plaintiff did not have an independent right to an accurate prison record under the Due Process Clause. Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987).

In his First Amended Complaint, Plaintiff basically realleges these claims, though he now suggests that the false records in his CDCR file "could cause an adverse impact on a parole grant." ECF No. 13, at 6. His claim is speculative, at best, and does not state a due process claim. Again, Plaintiff was exonerated after an investigation, and this finding was chronicled on a CDC-128-B form. This form was placed in his Central File. ECF No. 13, at 13.

Based on these legal standards, Plaintiff has not stated a claim for relief under the Fourteenth Amendment.

### D.   **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state any cognizable claims against any Defendants. Plaintiff was given an opportunity to amend, but he has failed to correct any of the deficiencies previously identified. Based on the nature of the amendments, it does not appear that Plaintiff can state any cognizable claims and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, Plaintiff's First Amended Complaint is DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim for which relief can be granted.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   **March 20, 2015**                              /s/ Dennis L. Beck
                                                        UNITED STATES MAGISTRATE JUDGE